**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

JOHN McGOWAN,

    Plaintiff,

    v.

A24 FILMS LLC, THE ASSOCIATED PRESS,
ASSOCIATED PRESS PHOTO MANAGERS, INC.,
THE ASSOCIATED PRESS USA LLC, and DOES 1-10,

    Defendants.

16 Civ. 9041

## COMPLAINT

Plaintiff JOHN McGOWAN ("McGowan"), by and through his legal counsel

BRESSLER LAW PLLC, alleges for his Complaint against Defendants A24 FILMS LLC ("A24

Films"), The Associated Press, Associated Press Photo Managers, Inc., The Associated Press

USA LLC (collectively, the Associated Press defendants are the "AP Defendants)", and Does 1-

10 (all collectively, with A24 Films and the AP Defendants, the "Defendants"):

### Nature of the Action

1.   This is an action to remedy Defendants' direct and indirect infringement of, and

their copyright management information violations concerning, an original photographic image

created and owned exclusively by McGowan.

### The Parties

2.   Plaintiff McGowan is a citizen of the United Kingdom having an address at 5

Marr Drive, Troon KA10 6PP, United Kingdom.

3.   On information and belief, Defendant A24 Films is a limited liability company organized and existing under the laws of the State of Delaware having an address at 31 West 27th Street, 11th Floor, New York, NY 10001. A24 Films is qualified to do business in the State of New York.

4.   On information and belief, Defendant The Associated Press is a not-for-profit corporation organized and existing under the laws of the State of New York having an address at 450 W. 33rd St., New York, NY 10001. On information and belief, The Associated Press engages in the commercial production, collection and furnishing to major media outlets and other third parties of news, photographic images, and other content for their commercial publication and redistribution.

5.   On information and belief, Defendant Associated Press Photo Managers, Inc. is a not-for-profit corporation organized and existing under the laws of the State of New York having an address at 450 W. 33rd St., New York, NY 10001.

6.   On information and belief, Defendant The Associated Press USA LLC is a limited liability company organized and existing under the laws of the State of Delaware having an address at 450 W. 33rd St., New York, NY 10001.  The Associated Press USA LLC is qualified to do business in the State of New York.

7.   On information and belief, one or more of Does 1-10 are the agent, affiliate, officer, director, manager, principal, partner, joint venturer, joint actor, alter ego, engaged contractor, website creator, website developer, content manager, content licensor, printer, printing house, publisher, graphic artist, employee or other person acting independently or with one or more Defendants concerning the wrongful conduct alleged herein. Plaintiff does not yet know the true names of Defendant Does 1 through 10, inclusive, and therefore identifies them as

defendants herein by those fictitious names.  Plaintiff believes and alleges that each of the Does 1 through 10 is in some manner liable for Plaintiff's claims and proximately caused Plaintiff's damages.

## Jurisdiction and Venue

8.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 17 U.S.C. §501(a), as this action alleges infringement of U.S. copyright rights and copyright management information violations pursuant to the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

9.   This Court has personal jurisdiction over A24 Films because it does business and/or transacts business in the State of New York and because it is qualified to do business in the State of New York.

10. This Court has personal jurisdiction over The Associated Press because it does business and/or transacts business in the State of New York and because it is organized under the laws of the State of New York.

11. This Court has personal jurisdiction over Associated Press Photo Managers, Inc. because it does business and/or transacts business in the State of New York and because it is organized under the laws of the State of New York.

12. This Court has personal jurisdiction over The Associated Press USA LLC because it does business and/or transacts business in the State of New York and because it is qualified to do business in the State of New York.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because each of the named Defendants is subject to personal jurisdiction in this

judicial district and/or because each of the named Defendants or its respective agents may be found in this judicial district.

**Background of the Action**

14. McGowan is a professional photographer who has since early 2000 produced a broad range of distinctive and popular photographic images of the British royal family, renowned actresses, musicians, and celebrities, and other notable subject matters. Specimens of McGowan's prolific work can be viewed at the Internet website http://jmcgowan.photoshelter.com/. McGowan earns his livelihood by producing and licensing his photographic images to media outlets and other end users.

15. In 2012, McGowan produced an iconic photographic image of actress Ms. Scarlett Johansson (the "Image") during the course of production on location of the motion picture *Under the Skin* (the "Motion Picture"), in which Ms. Johansson starred.

16. McGowan exclusively owns all copyright rights in and to the Image, which is original to him, and the copyright rights in and to which are valid, subsisting and registered with the U.S. Copyright Office (U.S. Copyright Registration VA 1-981-974, effective December 11, 2015). As such, McGowan has legal standing to bring and maintain this action.

**Defendants' Wrongful Conduct**

17. In or about March 2014, McGowan discovered that his Image had been reproduced, publicly displayed, distributed and otherwise used without his authorization by many news outlets and websites. Many of the unauthorized uses illustrated media outlets' critical

reviews and discussions of the Motion Picture, which A24 Films released or caused to be released theatrically in the United States on April 4, 2014.

18. Reimagining the femme fatale trope, the Motion Picture features an often scantily clad Ms. Johansson providing a "mesmerizing performance" as an extraterrestrial alien who picks up and has sex with unsuspecting men she murders thereafter. Regarded as an instant cult classic, critics hailed the Rated R film as a "Genesis moment of sci-fi fable" and as "unique", "original" and "mindblowing". The Motion Picture enjoys a RottenTomatoes.com "TomatoMeter" critical consensus review score of 85% based on a survey of over 200 independent critical reviews.

19. On information and belief, A24 Films furnished the Image directly or indirectly to the AP Defendants with the intention that the AP Defendants publish, reproduce and redistribute the Image to assist the promotion of the Motion Picture.

20. On information and belief, A24 Films and/or its agents and representatives and the AP Defendants furnished the Image to media outlets and other third persons and entities without McGowan's authorization.

21. The AP Defendants advertised the Image as follows: "This image released by A24 Films shows Scarlett Johansson in a scene from 'Under the Skin.' (AP Photo/A24 Films)." (*See* Exhibit A attached to this Complaint).

22. The AP Defendants watermarked the Image with their own name and logo.

23. The AP Defendants applied their own copyright notice to the Image.

24. The AP Defendants failed to credit or otherwise identify McGowan as the author of the Image.

25. The AP Defendants identified A24 FILMS as the "source" of the photograph.

26. The AP Defendants credited the Image to "Associated Press".

27. On information and belief, A24 Films also incorporated or caused to be incorporated the Image into physical media to promote the Motion Picture and into packaging for the home video DVD release of the Motion Picture.

28. The Defendants' unauthorized uses of the Image are commercial. A24 FILMS used it to promote its Motion Picture. The AP Defendants used it to provide content to its licensees and subscribers who chose to illustrate content they in turn produced, distributed and sold concerning the Motion Picture.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement**
**(As against all Defendants)**

29. McGowan repeats and realleges the allegations set forth in the previous paragraphs of this Complaint as if fully set forth herein.

30. On information and belief, Defendants knew that they did not possess any rights to reproduce, publicly display, distribute, transmit or otherwise use the Image.

31. On information and belief, Defendants' unauthorized uses of the Image were deliberate and willful.

32. Defendants' conduct constitutes copyright infringement, for which McGowan is entitled to recover his actual damages plus Defendants' additional profits attributable to such infringement.

## SECOND CLAIM FOR RELIEF
## <u>Contributory Copyright Infringement</u>
### (As against all Defendants)

33. McGowan repeats and realleges the allegations set forth in the previous paragraphs of this Complaint as if fully set forth herein.

34. Defendants intentionally facilitated, encouraged and induced media outlets and third persons and entities to reproduce, transmit, publicly display, distribute and use the Image without McGowan's authorization or consent.

35. On information and belief, despite McGowan notifying A24 Films and The Associated Press that the uses of his Image were unauthorized, Defendants made no effort, or made insufficient effort, to recall the Image or to instruct their licensees to cease using the Image because such uses were unauthorized. Defendants' failure to do so has left the substantial burden and expense to police and remedy such unauthorized uses on McGowan.

36. Defendants' conduct constitutes contributory infringement of McGowan's exclusive copyright rights in and to the Image, for which McGowan is entitled to recover an amount equal to his actual damages plus Defendants' additional profits attributable to such infringement.

## THIRD CLAIM FOR RELIEF
## <u>Provision and Distribution of False Copyright Management Information</u>
### (As against all Defendants)

37. McGowan repeats and realleges the allegations set forth in the previous paragraphs of this Complaint as if fully set forth herein.

38. On information and belief, with the intent to induce, enable, facilitate, and/or conceal infringement, and without McGowan's authorization or consent, Defendants reproduced, publicly displayed, distributed, transmitted and otherwise identified the Image as permitted for use by others to promote the Motion Picture.

39. On information and belief, with the intent to induce, enable, facilitate, and/or conceal infringement, and without McGowan's authorization or consent, Defendants identified A24 Films and/or The Associated Press as the source of and as a rightsholder in and to the Image.

40. Each of the misrepresentations concerning the Image, including without limitation those described in ¶¶ 21-26 above induced and facilitated others to further publish, reproduce, publicly display and transmit the Image without authorization.

41. Moreover, to the extent that persons and entities who obtained the Image from Defendants used them without authorization and incorporated the misinformation furnished by the Defendants, those recipients also further induced others to use the Image without authorization, perpetuating and compounding the harm caused  by the Defendants.

42. None of the Defendants is the author of the Image, or the copyright owner of the Image, or otherwise licensed or permitted to use the Image.

43. On information and belief, knowing or having reasonable grounds to know that they would induce, enable, facilitate or conceal infringement of McGowan's rights under Title 17 U.S.C., Defendants (1) intentionally supplied false copyright management information for the Image; (2) distributed false copyright management information without due authority; and (3) distributed and publicly displayed copies of the Image with their false copyright management information without due authority in violation of 17 U.S.C. §§ 1202(b)(1), (2) and (3).

44. Such wrongful conduct damaged McGowan in an amount to be determined at trial.

45. Such wrongful conduct entitles McGowan to recover his actual damages suffered as a result of such violations, plus Defendants' additional profits attributable to such violations, or if and as McGowan opts in his sole discretion, statutory damages in an amount of up to $25,000 per violation of 17 U.S.C. § 1202.

## Prayer for Relief

**WHEREFORE,** Plaintiff McGowan respectfully requests that the Court enter judgment against Defendants as follows:

a.   declaring Defendants liable for infringement of McGowan's exclusive copyright rights in and to the Image;

b.   declaring Defendants liable for contributory infringement of McGowan's exclusive copyright rights in and to the Image;

c.   declaring Defendants liable for provision and distribution of false copyright management information concerning the Image;

d.   enjoining Defendants from using the Image without authorization and from providing and distributing false copyright management information concerning the Image;

e.   ordering Defendants to identify to McGowan each of the persons and entities to which they provided the Image, by name, address, phone number and email address;

f.   awarding McGowan for copyright infringement an amount equal to McGowan's actual damages plus Defendants' additional profits attributable to

Defendants' infringement of McGowan's exclusive copyright rights in and to the Image (*see* 17 U.S.C. § 504(a), (b) and (c)), plus costs (*see* 17 U.S.C. § 505);

g.  awarding McGowan for copyright management information violations an amount equal to McGowan's actual damages plus Defendants' additional profits attributable to such violations, or at McGowan's option, statutory damages in an amount of up to $25,000 per violation of 17 U.S.C. § 1202 (*see* 17 U.S.C. § 1203(c)(3)(b)), plus a reasonable attorney's fee and costs (*see* 17 U.S.C. §§ 1203(b)(4) and (5));

h.  compelling Defendants to account to McGowan for all profits, income, receipts and other benefits that Defendants derived from the reproduction, public display, promotion, distribution and sale of products, services and media that infringe copyright rights in and to the Image (*see* 17 U.S.C. §§ 504(a)(1) and 501(b)); and

i.  awarding such other and further relief as the Court deems just and proper.

Dated: Pelham, New York
       November 21, 2016

Respectfully submitted,

s/ Joshua R. Bressler
Joshua R. Bressler (JB8780)
Bressler Law PLLC
3 West 35th Street, 9th Floor
New York, NY 10001
Tel: (917) 969-4343
Fax: (917) 591-7111

*Counsel for Plaintiff*
*John McGowan*